IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CR-30087-MJR |
| | ) | |
| LESLIE J. WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RECONSIDERATION AND REVOCATION OF THE
ORDER DENYING PRETRIAL RELEASE**

Comes now, Defendant, Leslie J. Woods, by counsel, and moves this Court pursuant to 18 U.S.C. § 3145(b) to (1) review the Detention Order Pending Trial previously filed in this case, and (2) admit the Defendant to bail on a combination of conditions of release that will reasonably assure the safety of the community or any other person. Alternatively, the Defendant requests a hearing at which he may present evidence and argument as to available conditions of release that will accomplish the same end. In support of this motion the Defendant submits as follows:

**Procedural History**

1.　Defendant has been in federal custody since May 2015 due to a juvenile Information filed by the Government alleging two counts of Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 5032, two counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 5032, and two counts of Use and Carry of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924 (c)(1)(A) and 18 U.S.C. § 5032.

2. At that time, the Government also filed a motion to transfer the proceeding to adult prosecution.

3. On July 6, 2015, the United States District Court for the Southern District of Illinois granted the Government's motion to transfer to adult criminal prosecution. On July 10, 2015, Defendant timely filed a notice of appeal from the order transferring him to adult criminal prosecution.

4. The Government and Defendant filed briefs and supplemental briefs regarding the order transferring Defendant to adult criminal prosecution. To date, the Court of Appeals for the Seventh Circuit has yet to issue an opinion.

## Legal Authority and Argument

5. The United States Supreme Court has stated that the Bail Reform Act preserves the preference for release of the accused pending trial. *United States v. Salerno*, 481 U.S. 739 (1987). Liberty is the norm under the Bail Reform Act, detention the carefully limited exception. *Id*. at 755.

6. Doubts regarding the propriety of release should be resolved in favor of the accused. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

7. Title 18 U.S.C. Section 3145(b) states that: If a person is ordered detained by a magistrate [United States magistrate judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." See also *United States v. Fernandez-Alfonso*, 813 F.2d 1571, 1573 (9th Cir. 1987).

8. When reviewing such a detention order, the district court must reach its own

determination as to the propriety of detention, independent of the Magistrate's ruling. See *United States v. Delker*, 757 F.2d 1390, 1394-95 (3rd Cir. 1985). This means that the Court when conducting such a requested review should do so under a de novo standard. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985); See also *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981) (noting that under the prior Bail Reform Act, courts were not "constrained to look for abuse of discretion or to defer to the judgement of the prior judicial officer.").

9. With respect to such a review, the district court also has the discretion to permit the Defendant to present or proffer additional evidence. See *United States v. Levine*, 770 F. Supp. 460, 464 n.7 (N.D. Ind. 1991); *United States v. Freitas*, 602 F. Supp. 1283, 1293 (N.D. Cal. 1985).

10. In determining whether a defendant poses a danger to any other person or the community the court should consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

11.  18 U.S.C. § 3142(e)(3)(E) creates a rebuttable presumption in some cases that no conditions will reasonably assure the appearance of the person or assure the safety of any other person and the community.  However, the burden of persuasion remains on the Government to prove by clear and convincing evidence that pre-trial detention is warranted. *United States v. Himler*, 797 F.2d 156, 161 (3rd Cir. 1986); *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991) (noting that the defendant must produce some evidence and that presumption retains evidentiary weight, but the burden of persuasion remain on the government); *United States v. Bosquez-Villarreal*, 868 F.2d 1388, 1389 (5th Cir. 1989) (government retains ultimate burden of persuasion).

## Argument

12.  Due to the complex nature of this case, Defendant has remained in pre-trial custody since May 2015.

13.  The Seventh Circuit Court of Appeals has given no indication as to when a ruling will be made on Defendant's appeal.

14.  Defendant has been a lifelong resident of St. Louis, MO and has family in the area with whom he can potentially reside.  While this is in the Eastern District of

Missouri, it is literally closer to the courthouse than many other counties within the Southern District of Illinois. This should not be a factor to deter pre-trial release.

15. Defendant submits that there are less intrusive means to guarantee his attendance at all required court appearances via home detention and electronic monitoring.

16. Defendant is presumed innocent and maintains his innocence. Defendant is entitled to pre-trial release.

WHEREFORE, the Defendant respectfully requests this Honorable Court admit him to bail on a combination of conditions of release or, in the alternative, schedule a hearing at which he may present evidence and argument as to available conditions of release that will reasonably assure the safety of the community or any other person.

Respectfully submitted,

PRESTON HUMPHREY ESQ., LLC

By:   /s/ Preston Humphrey, Jr._____
Preston Humphrey, Jr. #49183MO
Attorney for Defendant
1015 Locust Street, Suite 413
St. Louis, MO 63101
(314) 621-1765
(314) 875-9297 *facsimile*
phumphrey@phlawstl.com

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was filed electronically on the 24th of June, 2016 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ali Summers, Assistant United States Attorney, 9 Executive Drive, Fairview Heights, IL 62208-1334 and all counsel of record.

/s/ Preston Humphrey, Jr._____